IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE WEST, TOM BROWN, | |
| Plaintiffs, | 19cv0501<br>LEAD CASE |
| v. | ELECTRONICALLY FILED |
| DOCUSIGN, INC., | |
| Defendant. | |

| | |
|---|---|
| TOM BROWN, | |
| Plaintiff, | 19cv0502<br>CONSOLIDATED CASE |
| v. | |
| AFFINITY GAMING, | |
| Defendant. | |

| | |
|---|---|
| ARNOLD VARGAS, TOM BROWN, | |
| Plaintiffs, | 19cv0507<br>CONSOLIDATED CASE |
| v. | |
| AJ MADISON, INC., | |
| Defendant. | |

| | |
|---|---|
| ANTOINETTE SUCHENKO, TOM BROWN, | |
| Plaintiffs, | 19cv0508<br>CONSOLIDATED CASE |
| v. | |
| PLOW & HEARTH, | |
| Defendant. | |

| | |
|---|---|
| ANTOINETTE SUCHENKO, TOM BROWN,<br><br>        Plaintiffs,<br><br>        v.<br><br>NUTS.COM, INC. *and,* DOES 1-5,<br><br>        Defendants. | 19cv0513<br>CONSOLIDATED CASE |
| ANTOINETTE SUCHENKO, TOM BROWN,<br><br>        Plaintiffs,<br><br>        v.<br><br>SIMPLISAFE, INC.,<br><br>        Defendant. | 19cv0516<br>CONSOLIDATED CASE |
| ANTOINETTE SUCHENKO, TOM BROWN,<br><br>        Plaintiffs,<br><br>        v.<br><br>IGLOO PRODUCTS CORP.,<br><br>        Defendant. | 19cv0529<br>CONSOLIDATED CASE |
| TOM BROWN,<br><br>        Plaintiff,<br><br>        v.<br><br>PELICAN PRODUCTS, INC.,<br><br>        Defendant. | 19cv0530<br>CONSOLIDATED CASE |

-3-

| | |
|---|---|
| KAREN CLARK, | |
| Plaintiff, | 1:19cv127 Erie |
| | CONSOLIDATED CASE |
| v. | |
| FOREVER YOUNG APPAREL, DOES 1-5, | |
| Defendants. | |

| | |
|---|---|
| KAREN CLARK, | |
| Plaintiff, | 1:19cv128 Erie |
| | CONSOLIDATED CASE |
| v. | |
| 123STORES, INC., DOES 1-5, | |
| Defendants. | |

| | |
|---|---|
| KAREN CLARK, | |
| Plaintiff, | 1:19cv129 Erie |
| | CONSOLIDATED CASE |
| v. | |
| SHOPRUNNER, INC., | |
| Defendant. | |

| | |
|---|---|
| KAREN CLARK, TERA DONAHUE, | |
| Plaintiff, | 1:19cv0132 Erie |
| | CONSOLIDATED CASE |
| v. | |
| GOOD AMERICAN, INC., | |
| Defendant. | |

| | |
|---|---|
| KAREN CLARK, | |
| Plaintiff, | 1:19cv0135 Erie<br>CONSOLIDATED CASE |
| v. | |
| ALIBRIS. INC., DOES 1-5, | |
| Defendants. | |

| | |
|---|---|
| KAREN CLARK, | |
| Plaintiff, | 1:19cv0136 Erie<br>CONSOLIDATED CASE |
| v. | |
| FRAGRANCENET.COM, INC., DOES 1-5, | |
| Defendants. | |

| | |
|---|---|
| KAREN CLARK, SOFIA MONTANO, | |
| Plaintiffs, | 1:19cv0137 Erie<br>CONSOLIDATED CASE |
| v. | |
| TRINATURK.COM, LT2, INC., DOES 1-5, | |
| Defendants. | |

| | |
|---|---|
| KAREN CLARK, TERA DONAHUE, | |
| Plaintiffs, | 1:19cv0138 Erie<br>CONSOLIDATED CASE |
| v. | |
| PROPERTYROOM.COM, INC., DOES 1-5, | |
| Defendants. | |

KAREN CLARK,

        Plaintiff,                                1:19cv0139 Erie
                                                                      CONSOLIDATED CASE

        v.

INTERNATIONAL GREEN HOUSE
CONTRACTORS, INC. *doing business as*
GREENHOUSE MEGASTORE,

        Defendant.

KAREN CLARK, SOFIA MONTANO,

        Plaintiffs,                               1:19cv0140 Erie
                                                                     CONSOLIDATED CASE

        v.

CLARA CANYON, LLC *doing business as*
CANYON COOLERS,

        Defendant.

## **ORDER**

        Given that motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if the pleading defect is curable by amendment, IT HEREBY IS ORDERED that the parties must meet and confer prior to the filing of such a motion to determine whether it can be avoided. The duty to meet and confer extends to parties appearing *pro se*. Consistent with the foregoing, **motions to dismiss must be accompanied by a certificate of the movant**, stating that the moving party has made good faith efforts to confer with the nonmovant(s) to determine whether the identified pleading deficiencies properly may be cured by amendment.

        **Motions to dismiss that do not contain the required certification will be summarily denied. Furthermore, a non-moving party's non-compliance with this Order, including a failure to timely engage in the meet-and-confer process, may result in the assessment of**

**monetary and/or nonmonetary sanctions.  Those sanctions may include, but are not limited to, an assessment of attorney(s)' fees and costs associated with the filing of the motion to dismiss; and/or a denial of the non-movant's subsequent request for leave to amend.**

In addition, the parties shall endeavor not to oppose motions to amend the pleadings that are filed prior to the initial Case Management Conference, or within the time set forth in the parties' Rule 26(f) Report and/or the Court's Rule 16 Case Management Order.

Finally, IT IS ORDERED that:  (1) as soon as is practicable, Plaintiff(s) promptly shall serve a copy of this Order upon Defendant(s); (2) all counsel and unrepresented parties must read, know and understand the Local Rules of this Court (*see* web page at: http://www.pawd.uscourts.gov/court-info/local-rules-and-orders/local-rules); and (3) all counsel and unrepresented parties must familiarize themselves with the undersigned's Practices and Procedures (*see* web page at http://www.pawd.uscourts.gov/content/arthur-j-schwab-senior-district-judge), and they will be held responsible for complying with the same.

IT IS SO ORDERED.

SO ORDERED, this 20th day of May, 2019.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All ECF Counsel of Record