DocuSign Envelope ID: C43AACB1-B7AE-418F-9E48-76FD73AE6A9A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANNE WEST, TOM BROWN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DOCUSIGN, INC.,**<br><br>**Defendant.** | Civil Action No. 2:19-cv-0501-AJS<br><br>LEAD CASE |
| **ANTOINETTE SUCHENKO and TOM BROWN,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**IGLOO PRODUCTS CORP.,**<br><br>**Defendant.** | Civil Action No. 2:19-cv-00529-AJS<br><br>MEMBER CASE<br><br>*Electronically Filed* |

**CONSENT DECREE**

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiffs Antoinette Suchenko and Tom Brown (collectively, "Plaintiffs") and Defendant Igloo Products Corp. ("Igloo" or "Defendant"). Plaintiffs and Defendant are also referred to individually as "Party" or collectively as the "Parties."

**RECITALS**

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 *et seq.* ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. Defendant owns and operates, or controls and causes to be operated on its behalf a website called www.igloocoolers.com (the "Website").

4. On May 7, 2019, Plaintiffs filed this lawsuit against Defendant. Plaintiffs allege that Defendant's Website contains barriers that prevent full and equal use by persons with a visual impairment who use screen reader technology in violation of Title III of the ADA, 42 U.S.C. §§12181- 12189.

DocuSign Envelope ID: C43AACB1-B7AE-418F-9E48-76FD73AE6A9A

5. Defendant denies that the Website violates Title III of the ADA or any other statute or regulation. By entering into this Consent Decree, Defendant does not admit or concede any liability or wrongdoing, and it shall not be deemed as such in any subsequent legal action.

6. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in this lawsuit.

## JURISDICTION

7. Plaintiffs claim that Defendant's Website is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. § 12181(7). Defendant denies that its Website is a public accommodation or is otherwise subject to Title III of the ADA.

8. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188. The Parties agree venue is appropriate.

## AGREED RESOLUTION

9. The Parties agree that it is in their best interest to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiffs' Complaint.

10. Defendant denies Plaintiffs' allegations in this lawsuit, and by entering into this Consent Decree and Order does not admit liability to any of the allegations in Plaintiffs' Complaint filed in this action. The Parties enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

In resolution of this action, the Parties hereby **AGREE** and the Court expressly **APPROVES**, **ENTERS**, **AND ORDERS** the following:

## DEFINITIONS

11. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. Visual Impairment means any physical, mental, or sensory impairment that substantially limits a person in the major life activity of seeing.

## TERM

13. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for twenty-four (24) months from the Effective Date.

## ACTIONS TO BE TAKEN

14. Within eighteen (18) months of the Effective Date, Defendant will make reasonable efforts to make the Website accessible to persons with a Visual Impairment who use screen

reader software to access websites, using the Web Content Accessibility Guidelines 2.1 Level A and AA as a guide. This obligations shall not apply to Third Party Content on the Website, or any websites that are linked from the Website not owned by Defendant. The term "Third Party Content" refers to web content that is not developed or owned by Defendant.

15. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiffs:

Benjamin J. Sweet, Esq.
The Swett Law Firm, PC
186 Mohawk Drive
Pittsburgh, PA 15228
Email: ben@sweetlawpc.com
Phone: 412-742-0631

To Defendant:

Minh N. Vu, Esq.
Seyfarth Shaw LLP
975 F Street, N.W.
Washington, DC 20004
Email: mvu@seyfarth.com
Phone: 202-828-5337

## MODIFICATION

16. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

17. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Pennsylvania.

18. Plaintiffs and Defendant have settled all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters sought in Plaintiffs' Complaint through a separate Confidential Settlement Agreement and Release.

19. In the event Plaintiffs allege that Defendant failed to meet its obligations pursuant to Paragraph 14 of the Consent Decree, Plaintiffs will notify Defendant in writing with reasonable detail of the issue. Within thirty (30) days of receipt of written notice, Defendant will provide a written response. The Parties will make a good faith effort to resolve the dispute informally. If the issue remains unresolved ninety (90) days after the notice is given, then Plaintiffs may seek relief from the Court.

DocuSign Envelope ID: C43AACB1-B7AE-418F-9E48-76FD73AE6A9A

20. With respect to the Website, there will be no breach of this Consent Decree unless the Court determines that it is not accessible by a person with a Visual Impairment who has average screen reader competency[1] using a prominent commercially available screen reader such as JAWS or NDVA, in combination with one of the following browsers (in versions of which are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome.

21. If any provision of this Consent Decree is determined to be invalid, unenforceable or otherwise contrary to applicable law, such provision shall be deemed restated to reflect, as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not in any event affect any other provisions all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

22. The signatories represent that they have the authority to bind the respective Parties, Antoinette Suchenko, Tom Brown and Igloo Products Corp. to this Consent Decree.

**CONSENT DECREE HAS BEEN READ**

23. The Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

DocuSigned by:
Agreed and Consented to:
353A6953B1664DF...

6/11/2019

Antoinette Suchenko

Date

DocuSigned by:
6D9AAC95B4794E1...

6/11/2019

Tom Brown

Date

IGLOO PRODUCTS CORP.

By: ______________________

Its: CFO

6/12/2019
Date

[1] The phrase "person with a Visual Impairment who has average screen reader competency" is intended to refer to the general body of persons with Visual Impairments who use screen readers for effective communication with the Internet and various websites. The term is not intended to narrowly identify someone with a particular level of competency but instead is intended to be inclusive, while ruling out "outliers" in terms of screen reading software use proficiency. Therefore, the phrase "person with a Visual Impairment who has average screen reader competency" is intended to exclude the person who has just recently started using a screen reader and has very little experience and competence using it and at the other extreme to also exclude a blind, tech savvy person with substantial experience using a screen reader while including most users in between.

DocuSign Envelope ID: C43AACB1-B7AE-418F-9E48-76FD73AE6A9A

**DONE AND ORDERED this ____ day of ________________, 2019**

______________________________________
Honorable Arthur J. Schwab