**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNE WEST and TOM BROWN, | *ELECTRONICALLY FILED* |
| Plaintiffs, | CIVIL DIVISION |
| v. | Civil Action No. 2:19-cv-00501-AJS |
| DOCUSIGN, INC. | LEAD CASE |
| Defendant. | Judge Arthur J. Schwab |

**ANSWER TO COMPLAINT**

Defendant DocuSign, Inc. ("DocuSign") (for itself alone and no other defendant) hereby answers the Complaint filed by Plaintiffs Anne West and Tom Brown against DocuSign in this Court on May 1, 2019, Civil Action No 2:19-cv-00501-AJS. Each Paragraph of this Answer constitutes DocuSign's Answer to the same numbered paragraph of Plaintiffs' Complaint. DocuSign denies each and every allegation of Plaintiffs' Complaint not specifically admitted in this Answer.

1.     Paragraph 1 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 1.

2.     DocuSign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis denies those allegations.

3.     DocuSign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and on that basis denies those allegations.

4.     DocuSign admits that the opinion in *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365, 374 (E.D.N.Y. 2017) includes the language quoted in Paragraph 4 of the

Complaint. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 4.

5.      DocuSign admits that it: maintains a website, www.docusign.com; pioneered the development of e-signature technology; has hundreds of millions of users worldwide; and offers companies of all sizes across a variety of industries the technology to quickly modernize and digitize the entire agreement process, including the ability to remotely prepare, sign, enact, and manage agreements worldwide. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 5.

6.      DocuSign admits that: it maintains a website, www.docusign.com; and consumers have the ability to purchase certain DocuSign services and products (including the e-signature solution) and register for a free trial of certain DocuSign services and products via its website. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 6.

7.      DocuSign admits that: it maintains a website, www.docusign.com; consumers can remotely research and purchase certain DocuSign services and products (including the e-signature solution) via its website; consumers can access customer support and review DocuSign's privacy policy and terms and conditions via its website; and consumers can access "DocuSign University" training via its website. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 7.

8.      DocuSign admits that it maintains a website, www.docusign.com, that contains certain information about DocuSign and its services and products. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 8.

9.      DocuSign denies the allegations contained in Paragraph 9.

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 10.

11.     DocuSign denies the allegations contained in Paragraph 11.

12.     DocuSign denies the allegations contained in Paragraph 12.

13.     Paragraph 13 of the Complaint contains argument to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 13.

14.     Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 14.

15.     DocuSign admits that it maintains a website, www.docusign.com, through which consumers can purchase certain DocuSign services and products (including the e-signature solution). To the extent Paragraph 15 of the Complaint contains conclusions of law, no response is required. DocuSign denies the remainder of Paragraph 15.

16.     Paragraph 16 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 16.

17.     DocuSign denies the allegations contained in Paragraph 17.

18.     Paragraph 18 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 18.

19.     DocuSign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 regarding Plaintiff West's residence and status as legally blind and on that basis denies those allegations. The remainder of Paragraph 19 contains conclusions of law; therefore, no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 19.

20.     DocuSign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 regarding Plaintiff Brown's residence and status as legally blind and on that basis denies those allegations. The remainder of Paragraph 20 contains conclusions of law; therefore, no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 20.

21.     DocuSign admits the allegations contained in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, DocuSign is not required to answer argument and, on that basis, denies each and every allegation in Paragraph 22.

23.     DocuSign admits that it maintains a website, www.docusign.com, through which consumers can remotely research and purchase certain DocuSign services and products (including the e-signature solution). Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 23.

24.     DocuSign admits that it maintains a website, www.docusign.com, through which consumers can access customer support, review DocuSign's privacy policy and terms and conditions, access free trial offers, and learn about DocuSign's services and products. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 24.

25.     DocuSign denies the allegations contained in Paragraph 25.

26.     DocuSign lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis denies those allegations.

27.     DocuSign admits that VoiceOver is a screen-reading technology that verbally speaks written text. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 27.

28.     DocuSign admits that JAWS is a computer screen-reader program for visually impaired users. Except as expressly admitted, DocuSign denies the allegations contained in Paragraph 28.

29.     DocuSign denies the allegations contained in Paragraph 29.

30.     DocuSign denies the allegations contained in Paragraph 30.

31.     DocuSign denies the allegations contained in Paragraph 31.

32.     DocuSign denies the allegations contained in Paragraph 32.

LEGAL_US_W # 99032978.3

33.     Paragraph 33 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 33.

34.     DocuSign denies the allegations contained in Paragraph 34.

35.     DocuSign denies the allegations contained in Paragraph 35.

36.     Paragraph 36 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 36.

37.     Paragraph 37 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 37.

38.     Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 38.

39.     Paragraph 39 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 39.

40.     Paragraph 40 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 40.

41.     DocuSign incorporates herein by reference the responses from Paragraphs 1 through 40, inclusive, as if the same were set forth at length.

42.     Paragraph 42 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 42.

LEGAL_US_W # 99032978.3

43.     Paragraph 43 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 43.

44.     Paragraph 44 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 44.

45.     Paragraph 45 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 45.

46.     Paragraph 46 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 46.

47.     Paragraph 47 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 47.

48.     DocuSign denies the allegations contained in Paragraph 48.

49.     DocuSign denies the allegations contained in Paragraph 49.

50.     DocuSign denies the allegations contained in Paragraph 50.

51.     Paragraph 51 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 51.

52.     DocuSign denies the allegations contained in Paragraph 52.

53.     Paragraph 53 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 53.

LEGAL_US_W # 99032978.3

54.     Paragraph 54 of the Complaint contains conclusions of law to which no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in Paragraph 54.

55.     The WHEREFORE clause constitutes a prayer for relief and therefore, no response is required. To the extent that a response may be required, DocuSign denies the allegations contained in the WHEREFORE clause (including all subparts), and DocuSign respectfully requests that the court enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted and fails to state sufficient facts to constitute a claim for relief against DocuSign.

2.      The relief sought by Plaintiffs is barred to the extent Plaintiffs lack the requisite standing to obtain such relief.

3.      The relief sought by Plaintiffs is barred to the extent the sole cause of action contained in the Complaint is moot.

4.      The Complaint, and its sole cause of action, is barred, in whole or in part, by all applicable statutes of limitation.

5.      The Complaint, and its sole cause of action, is barred, in whole or in part, because DocuSign exercised reasonable care to prevent and correct promptly any alleged discriminatory conduct, if any.

6.      The relief sought by Plaintiffs is barred to the extent such relief would constitute an undue financial and administrative burden on DocuSign.

7.      The Complaint, and its sole cause of action, is barred, in whole or in part, because DocuSign adequately provided access to its website located at www.docusign.com through readily achievable alternative methods.

8.      If any loss, injury, damage or detriment occurred as alleged in the Complaint, the loss, injury, damage or detriment was caused and contributed to by the actions of Plaintiffs and, as Plaintiffs did not exercise ordinary care on their own behalf, their own acts and omissions

proximately caused and contributed to the loss, injury, damage or detriment as alleged by Plaintiffs, and Plaintiffs' recovery from DocuSign, if any, should be reduced in proportion to the percentage of Plaintiffs' negligence or fault.

9.      The relief sought by Plaintiffs is barred because such relief would violate DocuSign's constitutional rights to due process under the United States Constitution.

10.      If Plaintiffs sustained any loss, injury, damage, or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused or contributed to by the failure of others to exercise due care, and therefore, Plaintiffs' recovery of damages, if any, must be reduced in proportion to the percentage of others' fault.

11.      Plaintiffs have failed to mitigate or make reasonable efforts to mitigate their alleged damages, and Plaintiffs' recovery of damages, if any, must be barred or reduced accordingly.

12.      To the extent that Plaintiffs requests modifications or accommodations that are not readily achievable, are impracticable or already exist, Plaintiffs' claims are barred, in whole or in part, pursuant to 42 U.S.C. §§ 12181(9) and 12182(b)(2)(A)(iv).

13.      Plaintiffs' claims are barred under the ripeness doctrine because the Department of Justice has not promulgated any regulations addressing website accessibility.

14.      Plaintiffs' claims are barred under the primary jurisdiction doctrine because Plaintiffs' claims require the resolution of issues that have been placed within the special competence of the Department of Justice and administrative agencies, which have not issued regulations addressing website accessibility.

15.      Any modification, barrier removal, and/or other relief sought by Plaintiffs is barred to the extent it constitutes a "fundamental alteration" of the Website, under 42 U.S.C. §§ 12182(b)(2)(A)(ii), (b)(2)(A)(iii).

16.      Plaintiffs' claim for attorneys' fees, costs, and litigation expenses is barred, in whole or in part, by mootness and/or lack of subject matter jurisdiction to the extent that the Website is accessible to individuals with disabilities or will become accessible to those

individuals during the pendency of this litigation and prior to the Court granting Plaintiffs any relief.

17.     The Complaint is barred on the basis that Plaintiffs agreed to submit the sole cause of action asserted in the Complaint to binding arbitration, pursuant to DocuSign's Sites and Services Terms and Conditions, and therefore prosecution of this action should be dismissed or stayed pending completion of the arbitration.

18.     DocuSign hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent through pre-trial proceedings in this case and hereby reserves all rights to assert such defenses.

WHEREFORE, Defendant DocuSign, Inc. respectfully requests that the Court enter judgment in its favor and against Plaintiffs, dismiss Plaintiffs' Complaint with prejudice, and award such further and other relief as the Court may deem just and proper.

DATED:        June 27, 2019                    PAUL HASTINGS LLP


By:    /s/Elizabeth S. Minoofar
        Elizabeth S. Minoofar
        Admitted *Pro Hac Vice*
        elizabethminoofar@paulhastings.com

        515 South Flower Street
        Twenty-Fifth Floor
        Los Angeles, California  90071-2228
        Telephone:    1(213) 683-6000
        Facsimile:     1(213) 627-0705

        *Attorneys for DocuSign, Inc.*

LEGAL_US_W # 99032978.3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Answer and Defenses to Plaintiffs' Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Benjamin Sweet
THE SWEET LAW FIRM, P.C.
186 Mohawk Drive
Pittsburgh, PA 15228
(412) 742-0631

/s/Elizabeth S. Minoofar
Elizabeth S. Minoofar

- 10 -