IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE WEST, TOM BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>DOCUSIGN, INC.,<br><br>Defendant. | Civil Action No. 2:19-cv-0501-AJS<br><br><br>LEAD CASE |
| KAREN CLARK and TERA DONAHUE,<br><br>Plaintiffs,<br><br>v.<br><br>GOOD AMERICAN, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-00132-AJS<br><br><br>MEMBER CASE<br><br><br>*Electronically Filed* |

**PROPOSED ORDER**

AND NOW, this 25th day of July, 2019, upon consideration of Plaintiffs' Motion for Entry of Default Judgment and Defendant's failure to answer or respond to Plaintiffs' Complaint within the time prescribed by the Federal Rules of Civil Procedure, the Court finds:

1. The Court has personal jurisdiction over the parties and over the subject matter of this action.

2. Plaintiffs are, and at all times relevant hereto have been, legally blind. As a result, they are members of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

3. Defendant Good American sells clothing such as jeans, activewear, tops, and dresses to the public through its website, www.goodamerican.com ("Website"). Defendant is a

1

public accommodation pursuant to 42 U.S.C. § 12181(7) and its Website is property which Defendant must make accessible to individuals with disabilities under the ADA.

4. The individual Plaintiffs patronized Defendant's Website, but were unable to access Defendant's online goods and services because the Website is incompatible with the screen reader technology that individuals with visual disabilities use to access content on the Internet.

5. Defendant has violated Title III of the ADA and its implementing regulations by failing to make its Website accessible to screen reader software.

6. Without relief, Defendant will continue to discriminate against Plaintiffs and other individuals who require that Defendant create or modify its corporate policies to ensure its Website becomes, and remains, accessible to screen reader software.

**It is therefore DECLARED that:**

7. Defendant Good American was in violation of Title III of the ADA in that Good American took no action that was reasonably calculated to ensure that its Website, www.goodamerican.com, is fully accessible to, and independently usable by, blind individuals.

**It is also ORDERED that:**

8. Pursuant to 42 U.S.C. § 12188(a)(2), Defendant, and all persons and entities in privity, combination, participation or acting in concert with Defendant, including but not limited to its agents, servants, employees, franchisees, distributors, licensees, successors and assigns, attorneys, officers and directors, whether on behalf of any other business entity heretofore or hereafter created, shall take the following steps necessary to bring its Website, www.goodamerican.com, into full compliance with the requirements set forth in the ADA and its

implementing regulations, so that it is fully accessible to, and independently usable by, blind individuals. To ensure Defendant's remediation plan is sufficient, Defendant shall:

    a.    retain, at its expense, ADASure ("Mutually Agreed Upon Consultant"), who shall assist Defendant in improving the accessibility of its Website so that it complies with version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0 AA") by conducting (1) an accessibility audit on critical use paths within www.goodamerican.com for conformance with WCAG 2.0 (AA) standards; (2) a 2-day onsite combined Developer/QA training session; and (3) monthly testing for a period of two years after the Mutually Agreed Upon Consultant verifies Defendant's website conforms with WCAG 2.0 (AA) in a Letter of Conformance;

    b.    work with the Mutually Agreed Upon Consultant to ensure that all employees involved in website development and content development be given web accessibility training on a periodic basis calculated to achieve ongoing compliance with WCAG 2.0 AA;

    c.    work with the Mutually Agreed Upon Consultant to perform an automated accessibility audit on a monthly basis to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;

    d.    work with the Mutually Agreed Upon Consultant to perform end-user accessibility/usability testing on a periodic basis with said testing to be performed by individuals with various disabilities to evaluate whether Defendant's Website continues to comply with WCAG 2.0 AA on an ongoing basis;

    e.    incorporate all of the Mutually Agreed Upon Consultant's recommendations within sixty (60) days of receiving the recommendations;

    f.    directly link from the footer on each page of the Website a statement that indicates that Defendant is making efforts to maintain and increase the accessibility of its

Website to ensure that persons with disabilities have full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Defendant through the Website;

    g.    work with the Mutually Agreed Upon Consultant to create an accessibility policy that will be posted on its Website, along with an e-mail address and toll-free phone number to report accessibility-related problems;

    h.    provide a notice, prominently and directly linked from the footer on each page of the Website, soliciting feedback from visitors to the Website on how the accessibility of the Website can be improved. The link shall provide a method to provide feedback, including an accessible form to submit feedback or an email address to contact representatives knowledgeable about the Web Accessibility Policy;

    i.    provide a copy of the Web Accessibility Policy to all web content personnel, contractors responsible for web content, and Client Service Operations call center agents ("CSO Personnel") for the Website;

    j.    train no fewer than three of its CSO Personnel to automatically escalate calls from users with disabilities who encounter difficulties using the Website. Defendant shall have trained no fewer than three of its CSO personnel to timely assist such users with disabilities within CSO published hours of operation. Defendant shall establish procedures for promptly directing requests for assistance to such personnel including notifying the public that customer assistance is available to users with disabilities and describing the process to obtain that assistance; and,

k.  modify existing bug fix policies, practices, and procedures to include the elimination of bugs that cause the Website to be inaccessible to users of screen reader technology.

9.  Plaintiffs, their counsel and experts may monitor the accessibility of the Website for up to two (2) years after the date on which the Mutually Agreed Upon Consultant validates the Website is free of accessibility errors/violations to ensure Good American has adopted and implemented adequate accessibility policies. To this end, Plaintiffs, through their counsel and experts, shall be entitled to consult with the Mutually Agreed Upon Consultant at their discretion, and to review any written material the Mutually Agreed Upon Consultant provides Good American.

10.  The Court shall retain jurisdiction for a period of two (2) years after the date on which the Mutually Agreed Upon Consultant validates the Website is free of accessibility errors/violations to ensure Good American has adopted and implemented adequate accessibility maintenance policies.

11.  Plaintiffs, as the prevailing parties, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), and *Garrity v. Sununu*, 752 F.2d 727, 738-39 (1st Cir. 1984), the fee petition may include the costs to monitor Good American's compliance with the permanent injunction.

BY THE COURT:

_____
ARTHUR J. SCHWAB
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I filed the foregoing document via CM/ECF, and also served by U.S. mail on the following parties who have not appeared in this matter:

>Good American, Inc.
>c/o Lynanne Gares
>251 Little Falls Drive
>Wilmington, DE, 19808

>>/s/ *Benjamin J. Sweet*
>>Benjamin J. Sweet, Esq.