IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANNE WEST, TOM BROWN,

    Plaintiffs,

        v.

DOCUSIGN, INC.,

    Defendant.

19cv0501
LEAD CASE
ELECTRONICALLY FILED

---

KAREN CLARK,

    Plaintiff,

        v.

ALIBRIS INC., DOES 1-5,

    Defendants.

1:19cv0135 Erie
CONSOLIDATED CASE

---

**MEMORANDUM ORDER**

Defendant, Albris, Inc., filed a Motion to Dismiss the Complaint (ECF 103) and Brief in Support (ECF 104) arguing that this Court: (1) lacks subject matter jurisdiction, and (2) that the Complaint failed to state a claim upon which relief could be granted. See Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6). Plaintiff opposed this Motion (ECF 121), making the matter ripe for disposition.

The Court, after careful consideration of the issues raised and argued by both Parties, will deny the Motion to Dismiss for the reasons set forth herein.

1

## I. Background

The Court writes primarily for the benefit of the parties, and thus, the factual background shall be truncated.

Plaintiff, a blind and/or visually impaired individual, brought this action against Defendant alleging that Defendant denied her equal access to its website, thereby violating the rights guaranteed to her under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 to 12189 ("ADA"). Simply stated, Plaintiff claims Defendant's website is not ADA compliant and she, as a visually impaired person, is unable to utilize the company's website.

## II. Analysis

In Defendant's Motion to Dismiss and Brief in Support, Defendant first contends that "Plaintiff cannot as a matter of law establish that Defendant's website is indeed a place of public accommodation under Title III of the ADA, as interpreted by the 3rd Circuit." However, the Court notes that Defendant primarily relies upon a decision reached the United States Court of Appeals for the Third Circuit in *Ford v. Schering- Plough Corp.*, 145 F.3d 601 (3d Cir. 1998).

In *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.*, 251 F.Supp. 3d 908 (2017), this Court considered the very argument raised by Defendant in the instant matter, and denied the Motion to Dismiss. The *Gniewkowski* case is factually on all four corners with the instant matter. For Defendant's edification, the Court will restate the relevant portions of the *Gniewkowski* decision herein:

> A Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(1) challenges this Court's "very power to hear the case." *See Judkins v. HT Window Fashions Corp.*, 514 F. Supp. 2d 753, 759 (W.D. Pa. 2007) (Lancaster, J.) (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). As the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court."

*Dev. Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995). In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), this Court must distinguish between facial attacks and factual attacks. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006).

A facial attack challenges the sufficiency of the pleadings, and the Court must accept the Plaintiff's allegations as true. *Id.* A Defendant who attacks a complaint on its face "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F. Supp. 2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule 12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or. . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

When, as in this case, a Defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, this Court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**B. Rule 12(b)(6)**
In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded

factual allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement for
relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013)
(citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563, n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

\* \* \*

Next, this Court examines two cases cited by the Parties, both emanating from the Court of Appeals for the Third Circuit, and interpreting the specific phrase "place of public accommodation."

In the first case relied upon by the Parties, *Ford v. Schering–Plough Corp.*, 145 F.3d 601 (3d Cir. 1998), the plaintiff sued her former employer alleging that differences in mental and physical health benefits provided by her employer through policies of insurance violated various provisions of the ADA. The Court of Appeals agreed that the plaintiff-employee, who could not perform the functions of her former position due to a mental illness, could sue her employer under Title I of the ADA regarding her disability benefits; however, the Court determined that the plaintiff-employee's claim against her employer and MetLife, the disability insurer, alleging a disparity in the employer's insurance benefits for mental and physical disabilities did not violate Title III of the ADA.

In reaching this conclusion, the Court of Appeals noted as follows:

> The fact that an insurance office is a public accommodation, however, does not mean that the insurance policies offered at that location are covered by Title III. In the instant case, Schering [plaintiff's employer] and MetLife offered disability benefits to Ford in the context of her employment at Schering, meaning that the disability benefits constituted part of the terms and conditions of Ford's employment. Terms and conditions of employment are covered under Title I, not Title III....Therefore, Ford cannot state a claim against her employer, Schering, pursuant to Title III.
>
> Regarding MetLife, the disability benefits that Ford challenges do not qualify as a public accommodation and thus do not fall within the rubric of Title III. The plain meaning of Title III is that a public accommodation is a place, leading to the conclusion that " '[i]t is all of the services which the public accommodation offers, not all services which the lessor *917 of the public accommodation offers[,] which fall within the scope of Title III.' " [*Parker v. Metropolitan Life Ins. Co.*, ] *Id.* [121 F.3d 1006,] at 1011 [ (6th Cir. 1977) ] (quoting *Stoutenborough v. National Football League, Inc.*, 59 F.3d 580, 583 (6th Cir.1995) (a television broadcast is not covered by Title III)). This is in keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places. See 42 U.S.C. § 12181(7). Since Ford received her disability benefits via her employment at Schering, she had no nexus to MetLife's "insurance office" and thus was not discriminated against in connection with a public accommodation. Furthermore, the "goods, services, facilities, privileges, advantages, or accommodations" concerning which a disabled person cannot suffer discrimination are not free-standing concepts but rather all refer to the statutory term "public accommodation" and thus to what these places of public accommodation provide. Ford cannot point to these terms as providing protection from discrimination unrelated to places.

145 F.3d at 612–13.

In the second case referenced by the Parties, *Peoples v. Discover Financial Services*, 387 Fed.Appx. 179 (3d Cir. 2010), the plaintiff alleged he had been overcharged by a prostitute when he paid with his credit card for services he received. The plaintiff filed a fraud claim with defendant ("DFS"), his credit card company, but after completing an investigation, DFS ultimately refused to credit the Plaintiff's account for the amounts in dispute. The plaintiff sued DFS for ADA violations claiming "DFS"

5

discriminated against him by failing to consider his blindness when addressing his fraud claim. The district court granted summary judgment in DFS' favor, with a key determination being that plaintiff used his credit card to pay for his transactions with the prostitute at her apartment, and because DFS did not own, lease, or operate that location, it was not a place of public accommodation over which DFS exercised control.

On appeal, the Court of Appeals noted that "Courts of Appeals are split on whether the term 'public accommodation,' as used in the ADA, refers to an actual physical structure or whether it has some broader meaning." 387 Fed.Appx. at 183. Relying on its own earlier decision in *Ford*, the Court of Appeals held as follows:

> Our court is among those that have taken the position that the term is limited to physical accommodations. *Ford*, 145 F.3d at 612. Despite [the plaintiff's] request that we "clarify or reconsider" our holding in Ford and extend our interpretation of public accommodations to include things other than physical places (Appellant's Op. Br. at 27), we are bound by our precedent. See Pa. *Ass'n of Edwards Heirs v. Rightenour*, 235 F.3d 839, 844 (3d Cir. 2000) ("Under this Court's Internal Operating Procedures, we are bound by, and lack the authority to overrule, a published decision by a prior panel....") (citation omitted).
>
> Under *Ford*, [the plaintiff's] argument fails because the communication between [the prostitute's] credit card processing terminal and DFS is not a "public accommodation" within the meaning of the ADA. See 145 F.3d at 612 (holding that "[t]he plain meaning of Title III is that a public accommodation is a place..."). As the District Court noted, "[t]he evidence is that [the plaintiff] used his Discover Card to pay for the transactions with [the prostitute] at her apartment," and, "[t]hough [DFS's] credit services can be used by cardmembers at a merchant's place of accommodation, DFS itself does not own, lease or *918 operate those locations." (App. at 6.) Thus, because DFS's alleged discrimination (i.e., the supposedly insufficient investigation of [the plaintiff's] fraud claim) in no way relates to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations on physical property that DFS, rather than [the prostitute], owns, leases, or operates, the District Court correctly granted summary judgment against Peoples on his ADA claim.

Id. at 183–84 (footnote omitted).

> In both of the above cases, the Court of Appeals did not wish to expand the meaning of "place of public accommodation" to include places where: (1) an insurance policy was issued or implemented, or (2) a credit card company's processing terminals were located. Importantly, however, in both *Ford* and *Peoples*, the alleged discrimination occurred at a location where neither the insurance carrier in Ford, nor the credit card company in *Peoples*, had ownership or possession, or exercised control. Conversely, in the instant matter, the alleged discrimination has taken place on property that AmeriServ owns, operates and controls—the AmeriServ website.
>
> This Court finds that because AmeriServ owns, operates, and controls the property through which persons access its services, this matter is distinguishable from the *Ford* and *Peoples* cases. This Court also finds that the allegations set forth in Plaintiff's Complaint establish that the alleged discrimination—Plaintiffs' inability to access financial services information—took place at a property that AmeriServ owns, operates, and controls. Accordingly, the Court will deny AmeriServ's 12(b)(6) Motion because Plaintiffs have properly pled a legally cognizable claim under Title III of the ADA.

*Gniewkowski v. Lettuce Entertain You Enterprises, Inc*, 251 F. Supp. 3d 908, 916–18 (W.D. Pa. 2017).

Like AmeriServe in the *Gniewkowski* case, according to the well-pled Complaint in this matter, Defendant-Alibris owns, operates and controls the property (*i.e.,* the website) through which persons access its services. Plaintiff's allegations support a theory that she was rendered unable to access property (*i.e.,* the website) owned, operated, and controlled by Defendant. The legal argument raised by Defendant is, therefore, not supported by the Third Circuit authority which it cites, and runs contrary to decisions reached (and published) by this Count in substantially similar if not identical cases such as *Gniewkowski*.

Finally, with respect to Defendant's argument that Plaintiff lacks standing to sue because "she cannot demonstrate that she suffered an injury in fact, nor can she demonstrate a future injury that is actual or imminent," the Court also addressed this issue in *Gniewkowski*, holding as follows:

7

With respect to standing, the United States Supreme Court has held:

> [T]he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly...trace[able] to the challenged action of the defendant, and not...th[e] result [of] the independent action of some third party not before the court. Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations and citations omitted); see also *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,* 140 F.3d 478, 484–85 (3d Cir. 1998) (same three requirements must be met to establish standing). The Supreme Court noted that the party invoking federal jurisdiction bears the burden of establishing these three elements "with the manner and degree of evidence required at the successive stages of the litigation." *Id*. at 561, 112 S.Ct. 2130. The Court further noted that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id*. (internal quotations and citation omitted).

Turning to the instant case, AmeriServ accepts the fact that Plaintiff Frazier is a resident of Allegheny County, Pennsylvania, and is legally and permanently blind—a fact which this Court also accepts as true. Doc. no. 51, p. 2; (see also doc. no. 1, case no. 2:17–cv–00031). As a blind person, Plaintiff utilizes screen reading software in order to access website content. Doc. no. 1, ¶ 3, case no. 2:17–cv–00031. Per the Complaint, Frazier's claims arose in this judicial district when she encountered access barriers to AmeriServ's website while utilizing her screen reader software. Id.

*Gniewkowski*, 251 F. Supp. 3d at 912–13 (W.D. Pa. 2017).

In the instant matter, Defendant-Albris does not deny that Plaintiff is a visually impaired person, nor does it deny that owns and operates a website through which it offers products and/or services to the public-at-large. In fact, Defendant acknowledges that it has endeavored to improve the website to make it less difficult for visually impaired persons to utilize same. According to the affidavit submitted by Defendant, it has done all it can do in this regard.

However, Defendant's affidavit does not refute the key allegations of Plaintiff's Complaint relating to the Plaintiff's inability to access the content on Defendant's website. Therefore, this Court finds that, at this juncture of the legal proceedings, Plaintiff has sufficiently established that she has sustained an injury in fact.

## III. CONCLUSION

Based on the identity of the issues and the factual similarity with the *Gniewkowski* case, and because the case law cited by Defendant is not supportive of the issues raised, this Court will deny the Motion to Dismiss.

### \ORDER OF COURT

AND NOW this 15th day of August, 2019, the Court hereby DENIES the Motion to Dismiss filed by Defendant. ECF 103. Defendant must file an Answer to the Complaint on or before August 28, 2019.

/s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record